Edward G. Hochuli, Bar #004566
James J. Osborne, Bar #009790
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7812
ehochuli@jshfirm.com
josborne@jshfirm.com

Attorneys for Defendants Robert Bosch LLC
and Robert Bosch Corporation

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| OBDULIA NAVARRO, a married woman; GERARDO NAVARRO, a married man,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT BOSCH LLC, a Delaware LLC; ROBERT BOSCH GmbH, a German corporation; ROBERT BOSCH CORPORATION, a corporation; TRW AUTOMOTIVE U.S. LLC, a Delaware corporation; DELPHI AUTOMOTIVE SYSTEMS LLC, a Delaware corporation; QUALITY SAFETY SYSTEMS, a foreign corporation; ALAMO RENTAL (US) INC., a Delaware corporation; ALAMO RENT-A-CAR, LLC, a Delaware corporation; JOHN AND JANE DOES I-X; and ABC COMPANIES I-X,<br><br>Defendants. | NO. CV-09-1532-PHX-DKD<br><br>**DEFENDANT ROBERT BOSCH LLC'S ANSWER** |

Defendant Robert Bosch LLC (formerly known as Robert Bosch Corporation) (hereinafter "Bosch") answers Plaintiffs' Complaint as follows:

2081881.1

# INTRODUCTION

1. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1, 2, 3 and 4 of the Complaint, and on that basis denies the allegations in Paragraphs 1, 2, 3 and 4.

2. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies the allegations in Paragraph 5.

3. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis denies the allegations in Paragraph 6.

# PARTIES, JURISDICTION AND VENUE

4. Answering Paragraph 7 of the Complaint, Bosch incorporates by this reference its responses to Paragraphs 1 through 6 of the Complaint.

5. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies the allegations in Paragraph 8.

6. Answering Paragraph 9 of the Complaint, Robert Bosch LLC admits that it is a Delaware limited liability company and that its products are sold in, among other places, the State of Arizona

7. Answering Paragraph 10 of the Complaint, Bosch admits that Robert Bosch GmbH is a German corporation and alleges, upon information and belief, that Robert Bosch GmbH does not do business in Arizona and that this Court does not have jurisdiction over Robert Bosch GmbH as alleged in Paragraph 10 of the Complaint, or at all.

8. Answering Paragraph 11 of the Complaint, Robert Bosch Corporation alleges that effective January 3, 2007 it became known as Robert Bosch LLC and that since January 3, 2007 Robert Bosch Corporation and Robert Bosch LLC have been, and

are, one and the same legal entity. Prior to January 3, 2007 Robert Bosch Corporation admits that it was a Delaware corporation and that its products were sold in, among other places, the State of Arizona.

9. Answering Paragraphs 12, 13, 14, 15 and 16 of the Complaint, Bosch is informed and believes that the allegations in those Paragraphs as to the States of incorporation/formation of the Defendants named therein are true and on that basis admits those allegations. As to the remaining allegations contained in Paragraphs 12, 13, 14, 15, and 16 of the Complaint, Bosch is without sufficient knowledge or information to form a belief as to whether the Defendants named in Paragraphs 12, 13, 14, 15 and 16 do business in Arizona and on that basis denies those allegations.

10. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies the allegations in Paragraph 17.

11. Answering Paragraph 18 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis denies those allegations.

12. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies the allegations in Paragraph 19.

13. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies the allegations in Paragraph 20.

## COUNT I

14. Answering Paragraph 21 of the Complaint, Bosch incorporates by this reference its responses to Paragraphs 1 through 20 of the Complaint.

15. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the

allegations in Paragraph 22.

16. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations in Paragraph 23.

17. Answering Paragraph 24 of the Complaint, Bosch denies the allegations contained therein as they relate to Bosch. In further response to Paragraph 24 of the Complaint, Bosch alleges that it manufactures electronic control modules used by original equipment manufacturers in automotive airbag systems.

18. Answering Paragraphs 25 and 26 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 25 and 26 of the Complaint, and on that basis denies those allegations

19. Bosch is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 27, 28, 29, 30 and 31 of the Complaint, and on that basis denies each and every allegation contained in those Paragraphs.

20. Answering Paragraph 32 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and on that basis denies those allegations.

21. Answering Paragraph 33 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and on that basis denies those allegations.

22. Answering Paragraph 34 of the Complaint, Bosch denies the allegations contained therein.

## **COUNT II**

23. Answering Paragraph 35 of the Complaint, Bosch incorporates by this reference its responses to Paragraphs 1 through 34 of the Complaint.

2081881.1                                              4

24. Answering Paragraph 36 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and on that basis denies those allegations.

25. Answering Paragraph 37 of the Complaint, Bosch admits that it has certain duties imposed by law in the manufacture of its products and alleges that it has complied with all such duties. Bosch denies the allegations in this Paragraph 37 to the extent they are inconsistent with the foregoing.

26. Answering Paragraphs 38, 39 and 40 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 38, 39 and 40 of the Complaint, and on that basis denies those allegations.

27. Answering Paragraph 41 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint, and on that basis denies those allegations.

28. Answering Paragraph 42 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint, and on that basis denies those allegations.

29. Answering Paragraph 43 of the Complaint, Bosch denies all allegations directed at Bosch. Bosch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint, and on that basis denies those allegations.

## COUNTS III & IV

30. Paragraphs 44 through 62 (inclusive) of the Complaint, do not apply to Bosch. To the extent any allegations contained in Paragraphs 44 through 62 are intended to apply to Bosch, Bosch hereby denies each and every such allegation contained therein.

31. Bosch denies each and every allegation contained in the Complaint to which a specific response is not made herein.

## AFFIRMATIVE DEFENSES

1. As and for a separate affirmative defense and in the alternative, Bosch alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Bosch.

2. As and for a separate affirmative defense, and in the alternative, Bosch alleges the State of the Art defense set forth at A.R.S. §12-683(1), the alteration/modification defense set forth in A.R.S. §12-683(2), and the misuse/failure to follow warnings defense set forth at A.R.S. §12-683(3).

3. As and for a separate affirmative defense, and in the alternative, Bosch alleges assumption of risk.

4. As and for a separate affirmative defense, and in the alternative, Bosch alleges that Plaintiffs' damages, if any, may be the result of other named and unnamed parties' failure to conduct themselves in a reasonable and prudent manner, thereby reducing or eliminating Bosch's liability, if any, for damages sustained by Plaintiffs, if any, pursuant to the doctrine of comparative fault.

5. As and for a separate affirmative defense, and in the alternative, Bosch alleges that Plaintiffs have failed to mitigate their damages, thus barring or reducing their recovery against Bosch.

6. As and for a separate affirmative defense, and in the alternative, Bosch alleges that Plaintiffs' damages, if any, were the result of Plaintiff Obdulia Navarro's failure to act in a reasonable and prudent manner, thereby negating or reducing Plaintiffs' damages, if any, awardable against Bosch by the doctrine of comparative fault.

7. As and for a separate affirmative defense, and in the alternative, Bosch alleges that Plaintiffs' damages, if any, were the result of Maria Ramirez' failure to

act in a reasonable and prudent manner, thereby negating or reducing Plaintiffs' damages, if any, awardable against Bosch by the doctrine of comparative fault.

8. As and for a separate affirmative defense, and in the alternative, Bosch alleges that Plaintiff Obdulia Navarro was contributorily negligent and/or that any damages sustained by the Plaintiffs were the result of an intervening/superseding cause or occurred as a result of the fault of someone other than Bosch, all of which bars or reduces recovery by the Plaintiffs herein from Bosch.

9. As and for a separate affirmative defense, and in the alternative, any and all causes of action purportedly set forth in Plaintiffs' Complaint are barred by the doctrines of expressed or implied preemption as a result of compliance of the subject parts with all applicable government and industry law and/or standards.

10. As and for a separate affirmative defense, and in the alternative, Bosch alleges that a component part manufacturer has no fault for manufacturing a component part that is compliant with specifications and/or plans of a product's seller.

11. As and for a separate defense, and in the alternative, the imposition of punitive damages under Arizona law violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Contract Clause, in each of the following ways:

    a. Arizona law arguably permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injuries thereby violating the Fourteenth Amendment of the United States Constitution.

    b. Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

    c. The award of any punitive damages without certain safeguards to guard the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

    d. Arizona does not provide a reasonable limit on the amount of any punitive damage award thus violating the Fourteenth Amendment of the United States Constitution.

    e. The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective and not reasonably ascertainable and are thus void for vagueness under the Fourteenth Amendment of the United States Constitution.

    f. Arizona law permits civil punishment upon a standard of proof less than is required for the imposition of criminal sanctions.

    g. Arizona law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

    h. Arizona law permits multiple awards of punitive damages for the single alleged act or omission.

   12. Since discovery has not yet been initiated, Bosch is not in a position to know what other affirmative defenses may be available to it. Therefore, Bosch incorporates by reference all of the affirmative defenses set forth in Rules 8(c) and 12(b), Federal Rules of Civil Procedure.

   WHEREFORE, having fully answered Plaintiffs' Complaint, Bosch prays that Plaintiffs take nothing by their Complaint, that Plaintiffs' Complaint be dismissed with prejudice, and that Bosch be awarded its taxable costs incurred in defending this action.

DATED this 30th day of July, 2009.

           JONES, SKELTON & HOCHULI, P.L.C.


By    /s/ James J. Osborne
  Edward G. Hochuli
  James J. Osborne
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona  85012
  Attorneys for Defendants Robert Bosch
  LLC, Robert Bosch GmbH and Robert
  Bosch Corporation

ORIGINAL electronically filed
this 30th day of July, 2009.

COPY mailed/e-mailed
this 30th day of July, 2009, to:

Robert W. Boatman
Matthew MacLeod
GALLAGHER & KENNEDY
2575 East Camelback Road
Phoenix, Arizona 85016
Attorneys for Plaintiffs

Timothy M. Medcoff
Farhang & Medcoff
4801 E. Broadway
Suite 311
Tucson, AZ 85711
Attorneys for Defendants:
Alamo Rent-A-Car, LLC &
Alamo Rental (US), Inc.

  /s/ Sruti J. Patel

2081881.1                  9